# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>    Petitioner,<br><br>    v.<br><br>C. PFFEIFER,<br><br>    Respondent. | Case No. 1:16-cv-01874- EPG-HC<br><br>ORDER |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein he challenges two prison disciplinary proceedings. (ECF No. 1 at 2).[1]

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Habeas Jurisdiction**

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit recently adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (*en banc*) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

In the instant petition, Petitioner challenges two prison disciplinary proceedings and states that he was penalized with "90 days C-status." (ECF No. 1 at 2). The Court understands this to mean a loss of privileges, and Petitioner states that the disciplinary violations "are not serious enough to take [credits] or add time onto [his] sentence." (ECF No. 1 at 7). Thus, success on Petitioner's challenge to the disciplinary proceedings would not necessarily lead to immediate or earlier release from custody. It therefore appears that Petitioner is not entitled to relief through a habeas corpus petition. However, Petitioner may be entitled to relief in a civil lawsuit under 42 U.S.C. § 1983, as discussed more below.

Accordingly, Petitioner will be required to show cause why the Court should not dismiss this habeas corpus petition in light of Nettles.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before

presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Here, Petitioner states that he has not presented his claims to any state court. (ECF No. 1 at 3–4). Accordingly, Petitioner will be required to show cause why the petition for habeas corpus should not be dismissed for failure to exhaust state court remedies.

### C. Conversion to § 1983 Civil Rights Action

If Petitioner is unable to show cause why the Court has habeas jurisdiction of this matter, or how he has exhausted judicial remedies, Petitioner may convert his petition to a civil rights action under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to submit a civil rights complaint form that names the proper defendants and seeks appropriate relief. The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1).[2]

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as

---

[2] The Court granted Petitioner's motion to proceed *in forma pauperis* in the instant case. (ECF No. 11).

other complications as set forth above.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's Office is DIRECTED to send Petitioner a civil rights complaint form;

2. Within **THIRTY (30) days** from the date of service of this order, Petitioner shall either:

   a. Show cause why the habeas petition should not be dismissed for lack of habeas jurisdiction pursuant to Nettles and for nonexhaustion;

   b. Notify the Court that he chooses to convert his habeas petition into a § 1983 action and submit a civil rights complaint form that names the proper defendants and seeks appropriate relief; OR

   c. Voluntarily dismiss the instant action without prejudice to refiling his claims in a § 1983 action.

3. If Petitioner elects to convert to a § 1983 action, Plaintiff's complaint shall be limited to **twenty-five pages**. The complaint must be "clearly legible" and double-spaced. Local Rule 130(b), (c).

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **January 11, 2017**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

4