# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>C. PFFEIFER,<br><br>　　　　Respondent. | Case No. 1:16-cv-01874-EPG-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (ECF No. 12)<br><br>ORDER DENYING AS MOOT MOTION FOR EXTENSION OF TIME (ECF No. 19)<br><br>ORDER TO RESPOND<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS ON CALIFORNIA ATTORNEY GENERAL |

　　Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　On October 21, 2016, the instant federal petition for writ of habeas corpus was filed in the United States District Court for the Northern District of California. (ECF No. 1). On December 14, 2016, the petition was transferred to this Court. (ECF No. 8). In the petition, Petitioner challenges two prison disciplinary proceedings. Petitioner states that although the disciplinary violations were "not serious enough to take [credits] or add time onto [his] sentence," Petitioner was penalized with 90 days C-status. (ECF No. 1 at 2, 7). On January 12, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed for lack of habeas jurisdiction under Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (*en banc*), because it was unclear whether success on Petitioner's claims would necessarily lead to his immediate or earlier release from confinement. (ECF No. 12).

On March 16, 2017, Petitioner filed a motion for an extension of time to respond to the order to show cause. (ECF No. 19). Therein, Petitioner clarified that his C-status penalty resulted in him earning fewer credits than he ordinarily would have if he had not been placed in C-status. Based on Petitioner's new allegations, it appears that the petition may fall within the core of habeas corpus under Nettles. However, additional information is required before the Court can make such a determination. As it is not clear from the face of the petition whether Petitioner is entitled to relief, 28 U.S.C. § 2243, the Court will order Respondent to file a response to the petition.

Accordingly, the Court HEREBY ORDERS:

1. The order to show cause issued on January 12, 2017 (ECF No. 12) is DISCHARGED;

2. The motion for extension of time (ECF No. 22) is DENIED as MOOT;

3. Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the Petition. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

    A. AN ANSWER addressing the merits of the Petition. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

    B. A MOTION TO DISMISS the Petition.

4. Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5(c), Rules Governing Section 2254 Cases.

5. If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date of service of Respondent's Answer. If no

1 Traverse is filed, the Petition and Answer are deemed submitted at the expiration
2 of the thirty days.

3   4. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition
4 or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date of
5 service of Respondent's Motion. Any Reply to an Opposition to the Motion to
6 Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition is served.
7 The Motion to Dismiss will be deemed submitted **TWENTY-EIGHT (28) days**
8 after the service of the Motion or when the Reply is filed, whichever comes first.
9 See Local Rule 230(l).

10   6. Respondent SHALL COMPLETE and RETURN to the Court within **THIRTY**
11 **(30) days** a Consent/Decline form indicating whether Respondent consents or
12 declines to consent to the jurisdiction of a the United States Magistrate Judge
13 pursuant to Title 28 U.S.C. § 636(c)(1).

14   7. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the
15 California Attorney General or his representative.

16 All motions shall be submitted on the record and briefs filed without oral argument unless
17 otherwise ordered by the Court. Local Rule 230(l). These dates should be considered as firm by
18 all parties. If any party requires additional time, the party should file a motion for amendment of
19 the schedule before a deadline has passed and explain in detail why the party cannot comply with
20 this schedule. Extensions of time will only be granted upon a showing of good cause. All
21 provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **March 20, 2017**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE