# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>Petitioner,<br><br>v.<br><br>C. PFFEIFER,<br><br>Respondent. | Case No. 1:16-cv-01874-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 25) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the claims raised in the instant petition are unexhausted, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

**I.**

**DISCUSSION**

On October 21, 2016, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On December 14, 2016, the petition was transferred to this Court. (ECF No. 8). In the petition, Petitioner appears to challenge multiple prison disciplinary proceedings in addition to raising various issues pertaining to Petitioner's confinement, such as being improperly transferred and not having access to property. (ECF No. 1 at 2, 5).[1] On May 19, 2017, Respondent filed a motion to dismiss. (ECF No. 25). Petitioner has not filed any opposition.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). To provide the highest state court the necessary opportunity, the petitioner must "fairly present" the claim with "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Duncan, 513 U.S. at 365; Gray v. Netherland, 518 U.S. 152, 162–63 (1996). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

Here, Petitioner states that he has not presented his claims to any state court. (ECF No. 1 at 3–4). If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). The Court must dismiss without prejudice a petition containing unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so.[2] See Lundy, 455 U.S. at 522.

## II.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 25) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED without prejudice for

---

[2] Note that the Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. July 26, 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499. It may be that certain of Petitioner's claims related to conditions of confinement, which would not affect his potential release, should be brought under § 1983 rather than as a habeas petition. The Court notes that prisoners are required to exhaust available *administrative* remedies prior to filing a § 1983 suit. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007).

nonexhaustion.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 6, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE